**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Nathan H.,
**Respondent Below, Petitioner**

**vs.)  No. 21-1019** (Kanawha County 09-D-812)

Ashlee R.,
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Nathan H. ("the father")[1] appeals the November 19, 2021, order of the Circuit Court of Kanawha County reversing a June 8, 2021, family court order concerning the allocation of custodial responsibility for the parties' minor child. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

On March 31, 2021, the mother filed a petition in the Family Court of Kanawha County seeking a modification of allocation of custodial responsibility pursuant to West Virginia Code § 48-9-402(b)(3).[2] Per the petition, the modification was in the minor child's best interest and was necessary to accommodate the child's preferences that were, in part, based on the distance between her parents' homes and the impact that the distance had on the child's school and social activities. After conducting an in-camera interview of the minor child and hearing testimony from the child's therapist along with other witnesses, the family court modified the parenting plan so that the child was to stay with the father two weekends a month during the school year, a reduction from three weekends a month, as was the arrangement per the prior parenting plan. The family court found that this modification resulted in the father losing twenty-four overnight visits with the child during the school year and, therefore, modified the parenting plan to give the father twenty-four additional

---

[1] Petitioner appears by counsel Timothy A. Bradford. Respondent Ashlee R. ("the mother"), by counsel Tim C. Carrico, filed a response in support of the circuit court's order. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e).

[2] West Virginia Code § 48-9-402(b)(3) provides that "[t]he court may modify any provisions of the parenting plan without the showing of the changed circumstances . . . if the modification is in the child's best interests, and the modification . . . [i]s necessary to accommodate the reasonable and firm preferences of a child who[] has attained the age of 14[.]"

days throughout the year. Specifically, the court adopted a holiday schedule that gave the father custody of the child during the entire Thanksgiving break and spring break each year. Additionally, the family court ordered the parties to follow the week on/week off parenting schedule in June and July and ordered that the child be with the father for all of August until the night before school started.

The mother appealed the family court's decision to the Circuit Court of Kanawha County, arguing that the family court abused its discretion by disregarding the therapist's testimony and by not accommodating the child's firm and reasonable preferences. Specifically, the therapist reported that the child's preference was to spend one weekend per month with the father and three weekends per month at the mother's residence. The mother contended that the family court abused its discretion and misconstrued West Virginia law by directing that the father have the minor child during the entirety of Thanksgiving break, spring break, and August until school started to account for time lost by partially accommodating the child's weekend preference during the school year.

The circuit court found that the family court abused its discretion by disregarding the testimony of the therapist and in adopting a holiday schedule where the mother receives no time with the child during Thanksgiving break or spring break. Thus, the circuit court reversed the family court's order and issued an order accommodating the child's preferences, which the court found to be firm and reasonable due to her age, school, school activities, and social activities. The circuit court ordered that the child spend at least one weekend a month with her father during the school year, and at least seven days per month with her father during the summer break. Further, the circuit court directed that the parents equally share all major holidays with the child.

The father appeals from the circuit court's order arguing that the family court's order was not clearly erroneous and that the circuit court merely supplanted its judgment in the place of the family court. Our standard of review of a circuit court's order is well settled:

> "'In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.' Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004)." Syllabus point 1, *Storrie v. Simmons*, 225 W. Va. 317, 693 S.E.2d 70 (2010) (per curiam).

Syl. Pt. 1, *Nicole L. v. Steven W.*, 241 W. Va. 466, 825 S.E.2d 794 (2019).

The Legislature has stated that the primary objective of custody arrangements for children is to "serve the child's best interests." W. Va. Code § 48-9-102. Further, "[t]his Court has repeatedly stated that a child's welfare acts as 'the polar star by which the discretion of the court will be guided.'" *In re Timber M.*, 231 W. Va. 44, 59, 743 S.E.2d 352, 367 (2013) (citation omitted).

The mother sought a modification to the parenting plan to accommodate the reasonable and firm preferences the child who was over fourteen years old. Although the family court seemed

to consider the child's preferences at least partially during the school year, it disregarded her preferences during the summer, and, without regard for these preferences, increased the father's parenting time. While the family court purported to rely on West Virginia Code § 48-9-102 when it determined the parenting schedule, there is nothing in this code section which suggests that it is necessary to reapportion the precise number of days to one parent when a modification is granted to a parenting plan. Moreover, ordering that the child be with the father during each Thanksgiving break and spring break does not comport with this provision, nor does it serve the child's best interest. Accordingly, we agree with the circuit court that "the family court's findings regarding the minor child's stated firm and reasonable preference[s] are clearly erroneous." Further, although the parties agreed on a therapist, the child attended court-ordered therapy sessions, and the court qualified the therapist as an expert witness, the family court wholly disregarded the testimony of this expert witness and gave this testimony no weight. Upon our review of the appellate record, we agree with the circuit court that the family court abused its discretion in disregarding the therapist's testimony, especially where this evidence was uncontroverted by any expert testimony and was largely supported by the information provided by the child to the court.

For the foregoing reasons, we affirm the circuit court's modified parenting plan as discussed in its November 19, 2021, order.[3]

Affirmed.

**ISSUED:** January 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] Inasmuch as we are affirming the circuit court's order, petitioner's motion to stay is hereby denied. Further, his motion for expedited review is moot.